HENRY A. CHAPIN *et al.* v. JAMES S. PYLE.

No. 10258.

ORDER SETTING ASIDE SALE — *on plaintiff's motion, on terms complied with, new execution not enjoined because sheriff and clerk withhold part of purchaser's money to apply on costs.* Where a party at whose instance a sale of real estate has been set aside, fully complies with the terms imposed by the court as conditions to setting aside the sale, it is error to enjoin a resale of the property, under the judgment, merely because the officer to whom the purchaser paid the amount of his bid has made an unauthorized application of a portion of the money to the payment of taxes and costs, and for that reason refuses on demand to pay to the purchaser the whole sum bid.

Error from Crawford District Court. Hon. J. S. West, Judge. Opinion filed October 9, 1897. *Reversed.*

*W. R. Biddle* and *A. M. Keene,* for plaintiffs in error.

*Fuller & Randolph* and *B. S. Gaitskill,* for defendant in error.

ALLEN, J. Objections are made to the consideration of this case, on account of the informality of the brief

for the plaintiffs in error and the want of specific assignments of error in it.   The record presents a single question ; namely, whether, under the conceded facts of the case, the judgment is right.   The objection is overruled.

It appears that on the eighteenth day of July, 1893, Henry A. Chapin and Charles A. Chapin recovered, in the District Court of Crawford County, a judgment against M. M. York for $3,544 debt and $74.65 costs, and for a foreclosure of a mortgage and the sale of 240 acres of land in that county to satisfy the judgment.   An order of sale was issued on this judgment, and the property advertised and sold, without appraisement, to the defendant in error, James S. Pyle, for six hundred dollars.   Motions were made to confirm and to set aside the sale.   On the motion to set aside the sale, the judge made an entry in the minutes on the motion docket, which reads as follows : " July 5. Granted on condition that the plaintiffs pay to the clerk for J. S. Pyle $650 on or before July 15, 1894, and file stipulation with clerk to bid full amount of judgment and costs at next sale."   On inquiry by the attorney for the Chapins, he was informed, at the time the order was announced, that the judge meant that they should pay fifty dollars for Pyle, which, added to the $600 paid to the sheriff on his bid, would make the amount of $650.   It seems that the sheriff, instead of paying to the clerk the whole $600 received from Pyle, or holding it himself until the motions to confirm and to set aside the sale were passed on, retained forty-five dollars to pay taxes on the property, and paid the balance to the clerk, who used sufficient of the money to pay the printer's fees and his own costs.   The Chapins paid fifty dollars to the clerk within the time required by the order, and also filed the stipulation to bid the full amount of the judgment and costs.

Thereafter, Pyle called on the clerk for his $650, which not being paid, he demanded a sheriff's deed, which was thereupon executed and delivered to him. The plaintiffs ordered another execution to issue, and the sheriff was proceeding to again advertise and sell the land to satisfy the judgment when this suit was brought against the Chapins and the sheriff to enjoin the sale.

The whole trouble in the case arises from the appropriation of the money paid in by Pyle, by the sheriff and clerk, for costs, before it was ascertained whether the sale would be confirmed or set aside. If there had been an order setting aside the sale, it is apparent that Pyle's only recourse for his money would have been on the sheriff, or the clerk for whatever might have been paid to him. The Chapins complied in good faith with every requirement of the order, the terms of which, though not spread out in a formal journal entry, are abundantly shown by the testimony in the case, in which there is no substantial conflict. The inadequacy of price is apparent and very gross. The equities were, and are, all with the plaintiffs in error. The judgment should have been in their favor. The trial court, however, held that they had been guilty of sufficient laches to forfeit their rights under the order, and entered a judgment perpetually enjoining a further sale of the property under the judgment. This was error.

The judgment is reversed, and the cause remanded with directions to enter a judgment in favor of the defendants against Pyle for costs.